TATEL, Circuit Judge,
concurring:
I agree with the dissent that the food group has Article III standing. See Dissenting Op. at 182-83. I also agree with those circuits that have held that prudential standing is non-jurisdictional. See id. at 184-85 (collecting cases). This Circuit, however, has directly held to the contrary. See, e.g., Steffan v. Perry, 41 F.3d 677, 697 (D.C.Cir.1994) (“Prudential standing is of course, like Article III standing, a jurisdictional concept.”); Animal Legal Defense Fund, Inc. v. Espy, 29 F.3d 720, 723 n. 2 (D.C.Cir.1994) (“Standing, whether constitutional or prudential, is a jurisdictional issue which cannot be waived or conceded.”). True, passing statements by subsequent panels may be in some tension with these earlier decisions, see Dissenting Op. at 185 n. 4 (collecting cases), and in recent years the Supreme Court has certainly criticized lower courts for overusing the “jurisdictional” label, see id. at 183-84 (collecting cases). But taken in context these cases are “too thin a reed,” id. at 184-85, to permit this panel to depart from our clear prior holdings that prudential standing is jurisdictional — no matter how much we may think those decisions are wrong or that the Supreme Court may be preparing to hold otherwise. See Rasul v. Myers, 563 F.3d 527, 529 (D.C.Cir.2009) (“A panel of this court ... must adhere to the law of our circuit unless that law conflicts with a decision of the Supreme Court.” (citing LaShawn A v. Barry, 87 F.3d 1389 (D.C.Cir.1996) (en banc))); United States v. Williams, 194 F.3d 100, 107 (D.C.Cir.1999) (circuit precedent binding unless “eviscerat[ed]” by subsequent Supreme Court decisions), abrogated on other grounds by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).